NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ALLSTATE NEW JERSEY INSURANCE
COMPANY.,

Plaintiff,

v.

AVALONBAY COMMUNITIES, INC.,

Defendant.

**AMENDED OPINION**
Civ. No. 16-5441 (WHW-CLW)

**Walls, Senior District Judge**

Defendant AvalonBay Communities, Inc. ("AvalonBay") moves to dismiss the Complaint of Plaintiff Allstate New Jersey Insurance Company ("Allstate New Jersey") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 4. Decided without oral argument under Federal Rule of Civil Procedure 78, Defendant's motion is denied.

### FACTUAL AND PROCEDURAL HISTORY

Plaintiff Allstate New Jersey, an Illinois corporation with its principal place of business in Illinois, brings this tort action against AvalonBay, a Maryland corporation with its principal place of business in Virginia, for negligence related to a January 21, 2015 fire at the residential apartment complex known as Avalon Edgewater. ECF No. 1 ¶¶ 1–9. The Complaint alleges that Avalon's "unsupervised, untrained, and unlicensed maintenance workers" "accidently ignited building materials while using an acetylene torch to perform plumbing repairs behind a wall inside one of the [Avalon Edgewater] apartment units." Id. ¶¶ 10–11. Instead of calling 911 to report the fire, the maintenance workers allegedly allowed the fire to spread "through the building's interstitial wall space," causing the fire to spread laterally and destroy the entire

NOT FOR PUBLICATION

property. *Id.* ¶ 12. Allstate contends that the fire damaged or destroyed all of the personal property of its Insureds, who made claims against their policies totaling $709,310.07. *Id.* ¶ 13–15, Ex. A at 2. Allstate indemnified its Insureds for certain real and personal property damages as well as expenses incurred as a result of having to find alternative housing. *Id.* ¶ 15.

On September 6, 2016, Allstate filed the above-captioned subrogation action in the District of New Jersey. *Id.* The Complaint charges AvalonBay with negligently causing the January 21, 2015 fire and seeks damages totaling over $700,000. *Id.* ¶¶ 16–21. AvalonBay moved to dismiss the Complaint on September 22, 2016. ECF No. 4. AvalonBay argues that each Insured waived his or her rights of subrogation against AvalonBay in his or her Avalon Edgewater lease agreement. *Id.* at 1–2.[1] Because Allstate stands in the position of the Insureds for the purposes of this subrogation action, Allstate is bound to this subrogation waiver. *Id.* Allstate responds that the subrogation waiver is unenforceable because it contravenes public policy and is vague and ambiguous. ECF No. 14-1 at 4–16.

---

[1] The text of the lease paragraph containing the alleged subrogation waiver reads:

**32. Am I required to purchase renter's insurance?**

Yes. You acknowledge that we have not purchased insurance coverage for your personal belongings or any personal property located in your Apartment or anywhere at the Community or for any personal liabilities that may be suffered or incurred by you or your family, guests, invitees or any other occupants or visitors to your Apartment. You waive and release us from all claims against us that you may have, now or in the future, with respect to any loss of or damage to personal property kept in the Community. You are not required to maintain insurance for your personal property, but it is available and we recommend that you maintain such insurance in an amount equal to the value of your personal property. During the term of this lease, you agree to purchase and maintain, at your sole cost and expense, a comprehensive personal liability policy or its equivalent, issued by a licensed insurance company that you select which provides limits of liability of at least $100,000 per occurrence. All policies shall waive rights of subrogation against the Owner and Manager. You agree to provide a copy of these insurance policies or certificates evidencing these insurance policies in form and content reasonably acceptable to us at the time you obtain the policies and on each annual renewal date for such insurance policies. You agree to maintain these insurance policies during the entire term of your residency at the Community, but you may choose any insurance company authorized or admitted to do business on the state where the Community is located.

Giller Decl., ECF No. 4-3, Exs. 2–25 at ¶ 32.

NOT FOR PUBLICATION

## STANDARD OF REVIEW

Rule 12(b)(6) allows for dismissal where the non-moving party fails to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679. It is well settled that "document[s] integral or explicitly relied upon in the complaint" may be considered at the motion to dismiss stage "without converting the motion into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## DISCUSSION

AvalonBay argues that each of Allstate New Jersey's insured's signed an Avalon Edgewater lease agreement containing a waiver of subrogation rights, which acts as an absolute bar to Plaintiff's claims. ECF No. 4-2 at 3–6. Allstate argues that the subrogation waiver is unenforceable since it contravenes public policy and is vague and ambiguous. ECF No. 14-1 at

NOT FOR PUBLICATION

4–16. Because the Court agrees that the waiver of subrogation rights is unenforceable, Plaintiff's motion to dismiss is denied.

Subrogation is the "principle under which an insurer that has paid a loss under an insurance policy is entitled to all the rights and remedies belonging to the insured against a third party with respect to any loss covered by the policy." *Black's Law Dictionary* 1440 (7th ed.1999). An insurer who indemnifies its insured for a loss caused by a third party is subrogated to whatever rights the insured may have had against the third party. *Standard Accident Ins. Co. v. Pellecchia,* 15 N.J. 162, 171 (1954).

The right to subrogation is not absolute, and parties may agree to waive or limit it. *LIG Ins. Co. v. Bonanno Real Estate Grp. II, L.P.*, No. A-4489-11T4, 2013 WL 3329746, at *3 (N.J. Super. Ct. App. Div. July 3, 2013). "A third party may assert any defenses against the insurer that it would have had against the insured, including that any claim for recovery was waived by contract. *Id.* (citing *Culver v. Ins. Co. of N. Am.,* 115 N.J. 451, 456 (1989)) ("[S]ubrogation is not applicable where its enforcement would be inconsistent with the terms of a contract or when the contract, either expressly or by implication, forbids its application.") (internal quotation marks omitted)); *see also Skulskie v. Ceponis,* 404 N.J. Super 510, 513 (App.Div. 2009) (right of subrogation may be "waived or limited by agreement"). In *Continental Insurance Company v. Boraie*, 288 N.J. Super. 347 (Law. Div. 1995), the court recognized that an insured can waive the subrogation rights of his or her insurance company without its knowledge. *Id.* at 351–52. The *Boraie* Court explained that this outcome was consistent with "New Jersey decision law . . . that business people have the right to determine that the risks of a transaction shall be borne by insurance." *Id.* at 352.

NOT FOR PUBLICATION

Plaintiff argues that a waiver of subrogation rights is simply an exculpatory clause, and should be invalidated for violating public policy. ECF No. 14-1 at 10 (citing *Kuzmiak v. Bookchester, Inc.*, 33 N.J. 575, 588 (App. Div. 1955)). Defendant answers that it is only trying to enforce a straightforward waiver of subrogation rights, which "Allstate could have guarded against by increasing its premiums or by voiding a policy if the subrogation rights were waived." ECF No. 15 at 2–3. Even if the waiver of subrogation clause is not exculpatory, the Court finds that it is void in this instance.

In New Jersey, courts enforce subrogation waivers based on the rationale that courts should not get in the way if parties waive their rights to subrogation because they "intended to shift the risks of loss to insurance policies which they undertook to procure." *Boraie*, 288 N.J. Super. At 347; *see also Mayfair Fabrics v. Henley*, 48 N.J. 483, 488 (1967) ("[T]he lease reflected a studied attempt to spell out the distribution of the risks and that its practical effect was to specify who was to obtain and to bear the cost of insurance to indemnify against loss or damage occurring to property within the demised premises.") (internal quotation marks and citations omitted). The rationale behind the validity of these waivers depends on the contracting parties having a meaningful choice in how to distribute liability. *See Id.* The subrogation waivers at issue in this matter were so submerged in the leases at issue as to raise serious questions about the choice afforded the Insureds in this matter. These questions challenge the very validity of the subrogation waivers in this case.

Furthermore, the Court is not persuaded by Defendant's comparisons to subrogation waivers in commercial transactions or Defendant's argument that the Court should simply follow a New Jersey Superior Court's unreasoned granting of an unopposed motion to dismiss based on the same subrogation waiver. ECF No. 4-2 at 1; Giller Decl., ECF No. 4-3, Ex. 1. All twenty-

NOT FOR PUBLICATION

four leases at issue are residential leases consisting of a standardized printed form. *See* Giller

Decl., ECF No. 4-3, Exs. 2–25. The relevant subrogation provision is buried in an

unconventional question-and-answer formatted lease provision about a variety of insurance

options and requirements. *See* Giller Decl., ECF No. 4-3, Exs. 2–25 at ¶ 32. AvalonBay's casual

inclusion of the subrogation waiver deep in a long paragraph about insurance options and

obligations is markedly different from the clearly identified subrogation waivers in cases

advanced by AvalonBay, all of which involved apparently more sophisticated parties engaged in

commercial transactions. *See, e.g.*, *LIG Ins. Co.*, 2013 WL 3329746, at *1–2 (identifying the

waiver of subrogation in a commercial lease with a bold and capitalized header reading

"DAMAGES TO BUILDING/ WAIVER OF SUBROGATION"); *Kramer ex rel. Pub. Serv.*

*Mut. v. Fokis, Inc.*, No. A-5833-05T5, 2007 WL 1461267, at *1 (N.J. Super. Ct. App. Div. May

21, 2007) (identifying the waiver of subrogation in its own lease paragraph titled "Waiver of

Subrogation."); *Hunt Const. Grp., Inc. v. Hun Sch. of Princeton*, No. CIV.A. 08-3550, 2010 WL

3724279, at *3 (D.N.J. Sept. 16, 2010) (noting that the commercial lease contained several

waiver of subrogation provisions, at least one of which had been customized by the parties).

Given the form leases and the buried waiver, Allstate may be able to show that the

contract constituted a contract of adhesion if it can show that the Insureds lacked a meaningful

choice in the acceptance of the subrogation waiver. *See Stelluti v. Casapenn Enterprises, LLC*,

203 N.J. 286, 301 (2010); *see also Rudbart v. North Jersey Dist. Water Supply Comm'n*, 127 N.J.

344, 353 (1992). If an agreement is determined to be a "contract of adhesion," non-enforcement

of its terms may be justified if they are unconscionable. *See Stelluti*, 203, N.J. at 302. To make

this determination, "courts have looked not only to the take-it-or-leave-it nature or the

standardized form of the document but also to the subject matter of the contract, the parties'

NOT FOR PUBLICATION

relative bargaining positions, the degree of economic compulsion motivating the 'adhering' party, and the public interests affected by the contract." *Rudbart*, 127 N.J. at 356; *see also Delta Funding Corp. v. Harris*, 189 N.J. 28, 39–40 (2006). As previously discussed, the twenty-four identical, form, residential leases with hidden subrogation waivers suggest the Insureds may not have had a meaningful choice about whether to waive their subrogation rights and may not have chosen to distribute liability through a limitation on subrogation. Additionally, on its face, the submerged subrogation waiver appears to waive the tenants' subrogation rights, but not the landlord's. These details could lead the Court to conclude that the parties had unequal bargaining positions, and that the subrogation waiver is so one-sided that it violates the public interest. Based on the allegations in the complaint and the facts adduced through the residential leases, the Plaintiff could plausibly demonstrate that the subrogation waiver is unenforceable.

## CONCLUSION

Defendant's motion to dismiss is denied. An appropriate order follows.

DATE: 22 Mar 2017

William H. Walls

Senior United States District Court Judge

7